Obodai v. Demand Media Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand thirteen.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

Austin Obodai, an individual and d/b/a HEPTAD,

> *Plaintiff-Appellant*,

> v.                                                                          12-2450

Cracked Entertainment Inc., (Cracked.com), a specific humor site,

> *Defendant*,

Demand Media Inc., a Delaware Corporation,

> *Defendant-Appellee*.

_____

FOR APPELLANT:              Austin Obodai, *pro se*, Bronx, NY.

FOR APPELLEE:               William C. Silverman, Ian C. Ballon, and Wendy M. Mantell, Greenberg Traurig, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Austin Obodai, proceeding *pro se*, appeals from the district court's grant of summary judgment in favor of Demand Media Inc. ("Demand Media"), dismissing his copyright infringement action, pursuant to 17 U.S.C. § 501.  We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law.  *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).  In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).  Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon conducting such a review, we conclude that Obodai's appeal is without merit substantially for the reasons articulated by the district court in its well-reasoned summary

judgment decision. *See Obodai v. Demand Media Inc.*, No. 11-cv-2503, 2012 WL 2189740 (S.D.N.Y. June 13, 2012). In short, the district court correctly determined that Demand Media was eligible for the User Storage Safe Harbor under the Digital Millennium Copyright Act, 17 U.S.C. § 512, because the undisputed evidence established that Demand Media satisfied the requirements under § 512(c) and (i). The record does not support Obodai's assertion that Demand Media's use of the software tool "Tynt" required the district court to reach a different result.

We have considered Obodai's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk